UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILD FISH CONSERVANCY, a Washington non-profit corporation, | No. 23-35322 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-00417-RAJ Western District of Washington, Seattle |
| v. | |
| JENNIFER QUAN, in her official capacity as Regional Administrator of the National Marine Fisheries Service; et al., | ORDER |
| Defendants, | |
| ALASKA TROLLERS ASSOCIATION, | |
| Intervenor-Defendant, | |
| and | |
| STATE OF ALASKA, | |
| Intervenor-Defendant-Appellant. | |
| WILD FISH CONSERVANCY, a Washington non-profit corporation, | No. 23-35323 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-00417-RAJ |
| v. | |
| JENNIFER QUAN, in her official capacity as Regional Administrator of the National Marine Fisheries Service; et al., | |

Defendants,

STATE OF ALASKA,

    Intervenor-Defendant,

and

ALASKA TROLLERS ASSOCIATION,

    Intervenor-Defendant-
    Appellant.

---

WILD FISH CONSERVANCY, a Washington non-profit corporation,

    Plaintiff-Appellant,

 v.

JENNIFER QUAN, in her official capacity as Regional Administrator of the National Marine Fisheries Service; et al.,

    Defendants-Appellees,

and

ALASKA TROLLERS ASSOCIATION; STATE OF ALASKA,

    Intervenor-Defendants-
    Appellees.

No. 23-35324

D.C. No. 2:20-cv-00417-RAJ

---

WILD FISH CONSERVANCY, a Washington non-profit corporation,

No. 23-35354

|  | D.C. No. 2:20-cv-00417-RAJ |
|---|---|

Plaintiff-Appellee,

v.

JENNIFER QUAN, in her official capacity as Regional Administrator of the National Marine Fisheries Service; et al.,

    Defendants-Appellants,

and

ALASKA TROLLERS ASSOCIATION; STATE OF ALASKA,

    Intervenor-Defendants.

Before: SILVERMAN, R. NELSON, and BUMATAY, Circuit Judges.

The State of Alaska moves to stay the district court's May 4, 2023 judgment to the extent it vacates the portions of the 2019 Southeast Alaska Biological Opinion (the "BiOp") that authorize "take" of the Southern Resident Killer Whale and Chinook salmon resulting from commercial harvests of Chinook salmon. The Alaska Trollers Association and the federal appellants join that motion. Wild Fish Conservancy moves to enjoin implementation of the portion of the BiOp that pertains to the "prey increase program."

The motion for leave to file a brief as amicus curiae in support of the State's motion to stay (Docket Entry No. 27) is granted.

In deciding a motion to stay, we consider "four factors: '(1) whether the stay

3

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The motion to stay in part the district court's May 4, 2023 judgment (Docket Entry No. 15) is granted. A flawed agency rule does not need to be vacated upon remand and instead may be left in place when equity demands. *See Cal. Cmties. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012) (citations omitted). Here, the moving parties have established a sufficient likelihood of demonstrating on appeal that the certain and substantial impacts of the district court's vacatur on the Alaskan salmon fishing industry outweigh the speculative environmental threats posed by remanding without vacatur. *See id.* (declining to vacate an agency rule in part because doing so would be "economically disastrous."). Accordingly, the district court's judgment is stayed to the extent it vacates the portions of the BiOp that authorize "take" of the Southern Resident Killer Whale and Chinook salmon resulting from commercial harvests of Chinook salmon during the winter and summer seasons of the troll fisheries.

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction."

4

*Feldman v. Ariz. Sec'y of State*, 843 F.3d 366, 367 (9th Cir. 2016); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (defining standard for preliminary injunction in district court).

The motion for injunctive relief (Docket Entry No. 19) is denied. Plaintiff-appellant has not demonstrated that the district court likely abused its discretion in declining to vacate the prey increase program, particularly in light of the district court's finding that the disruptive consequences of vacatur would ultimately put the whales at further risk of extinction and outweigh the seriousness of the agency's errors. *See Ctr. for Food Safety v. Regan*, 56 F.4th 648, 668 (9th Cir. 2022) (ordering remand without vacatur in part because the challenged rule maintained "enhanced protection of the environmental values" at issue).

The existing briefing schedule remains in effect.

5